Eric D. Wilson, OSB #044556
ewilson@oregonemploymentlaw.com
Eric Wilson, P.C.
1 SW Columbia Street, Suite 1850
Portland, Oregon 97204
Phone:  503.880.9372
Fax:  503.208.8026

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ASSON GELLY, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAFE TRANSPORTATION, INC., an Oregon corporation,<br><br>　　　　Defendant. | Case No. 3:22-cv-814<br><br>**COMPLAINT**<br><br>1. Failure to Pay Wages, Unpaid Overtime, Liquidated Damages, and Attorneys' Fees Under the FLSA – 29 U.S.C. § 201 *et seq*.<br>2. Failure to Pay Wages, Unpaid Overtime, Penalty Wages, and Attorneys' Fees Under Oregon Law – ORS Chapter 653<br>3. Wage Discussion Retaliation – ORS 659A.355<br>4. Whistleblower Retaliation – ORS 659A.199<br><br>**DEMAND FOR JURY TRIAL** |

For his Complaint, Plaintiff, Asson Gelly, alleges as follows:

**I. <u>JURISDICTION, VENUE AND PARTIES</u>**

　　1.　　This Court has jurisdiction over the subject matter of Plaintiff's Fair Labor Standards Act (FLSA) claims for violation of 29 U.S.C. § 207(a)(1), § 215(a)(2), and § 216(b) pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1342; this Court also has jurisdiction over

Plaintiff's state-law claims under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

2. Defendant Safe Transportation, Inc. is a domestic corporation created under the laws of Oregon that has its principal place of business in Multnomah County, Oregon.

3. At all material times, Safe Transportation, Inc. conducted regular, sustained, and substantial business activities in Multnomah County, Oregon.

4. Plaintiff is a resident of Multnomah County, Oregon, who, at all material times, was employed by Safe Transportation, Inc. in Multnomah County, Oregon.

5. All or substantially all of the acts and omissions alleged herein occurred in Multnomah County, Oregon.

6. Safe Transportation, Inc. is vicariously liable for the acts of its agents and employees who were acting within the course and scope of their employment with the company, including all acts and omissions alleged herein.

## II. STATEMENT OF FACTS

7. Safe Transportation, Inc. hired Plaintiff to work as a Driver/Mechanic beginning in 2015. Plaintiff was a committed employee of Safe Transportation, Inc. for the next seven years. At all times during his employment, Plaintiff was a non-exempt, hourly employee who was legally entitled to time-and-a-half wages for all work he performed in excess of forty hours per week under the Fair Labor Standards Act (FLSA) and ORS Chapter 653.

8. Plaintiff routinely worked in excess of forty hours per week during his employment with Safe Transportation, Inc.

9. Safe Transportation willfully failed to pay Plaintiff the time-and-a-half wages to which he was legally entitled for all such overtime work. Instead, Safe Transportation, Inc. willfully violated the FLSA and Oregon law by paying Plaintiff straight time, not time-and-a-half wages, for work he performed in excess of 40 hours per week.

10. Safe Transportation, Inc. avoided paying Plaintiff time-and-a-half wages through multiple schemes.

11.     First, Plaintiff was not paid for all of the time he was actually on-site, working for Safe Transportation.  Instead, Safe Transportation, Inc. unlawfully denied wages to Plaintiff by failing to pay him for time he spent on-site working for Safe Transportation, Inc., but not actively driving or performing mechanic duties.

12.     Second, Safe Transportation, Inc. denied Plaintiff overtime wages by paying him only straight-time wages rather than time-and-a-half wages by issuing Plaintiff two separate pay checks each pay period.  When combined, the work hours reflected by these two checks regularly totaled over 40 hours per week.  However, since the checks were issued separately, each check was for less than 40 hours per week, and, thus, unlawfully failed to include time-and-a-half wages for the hours Plaintiff worked in excess of 40 hours per week.

13.     As a result of Safe Transportation, Inc.'s unlawful wage and hour practices, Plaintiff was denied time-and-a-half pay for numerous hours of work he performed in excess of 40-hours per week throughout his employment.

14.     Plaintiff requested his complete employment file from Safe Transportation, Inc. by letter dated February 25, 2022.  Pursuant to ORS 652.750, Safe Transportation, Inc. was required to respond to this request with all of Mr. Gelly's "time and pay records."  Despite this legal requirement, Safe Transportation, Inc. failed to provide any of Mr. Gelly's time and pay records, thus leaving the exact amount of unpaid overtime unknown at this time.

15.     On January 28, 2022, Plaintiff received two paychecks, per usual.  Those two paychecks showed Plaintiff worked 101 hours in the previous pay period but that he was not paid any overtime wages.  Moreover, one of the paychecks issued to Plaintiff that day showed an unlawful deduction of $250 from Plaintiff's wages. With these pay records in hand, Plaintiff found Malcolm Ricks, the owner of Safe Transportation, Inc., and confronted him about his unlawful pay practices.

16.     Specifically, Plaintiff told Ricks he believed Ricks was stealing wages from him by paying him through two checks.  Plaintiff also told Ricks that he had no right to deduct $250

from his wages, and complained that he had a family to feed and could no longer stand having deductions taken out of his paychecks. In response, Ricks told Plaintiff he was fired and to leave the premises immediately. Plaintiff told Ricks he could not fire him for asking to be paid what he was owed, but Ricks was adamant and told Plaintiff he was fired and to get out.

17. Other employees of Safe Transportation, Inc. heard Ricks tell Plaintiff he was fired on January 28, 2022.

18. After being terminated, Plaintiff went to his truck to leave the premises. Ricks would not allow him to leave and blocked-in Plaintiff's vehicle using his own. A stand-off followed, during which Ricks refused to allow Plaintiff to leave. Ricks eventually called the police, who arrived on the scene. According to the relevant police report, Ricks told the responding officer that he had terminated Plaintiff that day, and that he would not let Plaintiff leave until Plaintiff turned over the Portland Public Schools badge that Plaintiff had earned while employed by Safe Transportation, Inc. so that he could transport children to and from school. Plaintiff explained to the police that he did not want to turn over the badge because he feared Ricks would misuse it by giving it to another, uncertified employee. In the end, the police report notes that Plaintiff allowed the responding office to take the badge and have it destroyed. After turning over his PPS badge to the responding officer, Plaintiff left Safe Transportation, Inc.

19. Since terminating Plaintiff on January 28, 2022 in front of multiple employees, Ricks has falsely claimed that he did not fire Plaintiff that day; instead, Ricks has concocted various lies in which he claims that he later terminated Plaintiff for theft of tools.

20. For example, on February 1, 2022, Ricks and Plaintiff spoke on the phone. During this call, Ricks told Plaintiff that he had not been terminated on January 28, 2022, and claimed instead that Plaintiff resigned that day while under investigation for theft of tools.

21. On February 11, 2022, Ricks sent Plaintiff a document stating that after he suspended Plaintiff on January 28, 2022, Plaintiff was "observed" at Safe Transportation, Inc. on February 4, 2022 stealing tools from the company. Ricks wrote in this document that, as a result

of this alleged theft on February 4, 2022, he terminated Plaintiff, effective February 11, 2022.

22. In other words, since terminating Plaintiff on January 28, 2022 for complaining about wage theft and for discussing his wages, Ricks has leveled multiple, radically different claims, in which he has falsely asserted that he terminated Plaintiff for theft. That is not what Ricks told police on January 28, 2022, and Ricks' bogus theft allegations against Plaintiff are contradicted by third-party witnesses.

## FIRST CLAIM FOR RELIEF
## UNPAID WAGES, UNPAID OVERTIME, LIQUDATED DAMAGES, AND ATTORNEYS' FEES UNDER THE FLSA – 29 U.S.C. § 201 *et seq*.

23. Plaintiff restates and incorporates by reference paragraphs 1-14, as though fully set forth herein.

24. At all material times herein, Defendant was an "employer" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

25. At all material times herein, Defendant was "an enterprise engaged in commerce" under the FLSA.

26. At all material times herein, Defendant's annual gross revenue was over $500,000 per year.

27. The FLSA, 29 U.S.C. § 207(a)(1), requires employers to compensate employees for all work performed on behalf of their employer and further requires that all non-exempt employees be compensated at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours per week.

28. Throughout Plaintiff's employment, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 215(a)(2), by failing to pay Plaintiff time-and-a-half wages for all work Plaintiff performed in excess of 40-hours per week.

29. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Under the FLSA, Plaintiff is entitled to damages in the amount of his unpaid wages and unpaid overtime wages from June 10, 2019 through and including the date of his final paycheck in January 2022, with said amount to be determined by a jury at the time of trial.

31. In addition, given Defendant's willful violation, Plaintiff is entitled to liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), in an amount equal to his unpaid wages and unpaid overtime from June 10, 2019 through the date of his final paycheck in January 2022, with said liquidated damages to be determined by a jury at the time of trial.

32. Plaintiff requests attorney's fees and costs associated with this claim pursuant to the FLSA, 29 U.S.C. §216(b). Plaintiff presented a written demand for unpaid wages and liquidated damages under the FLSA to Defendant via a letter dated May 4, 2022. Defendant failed to tender any of the money owed to Plaintiff following its receipt of Plaintiff's demand.

## SECOND CLAIM FOR RELIEF
## UNPAID WAGES, UNPAID OVERTIME, PENALTY WAGES, AND ATTORNEYS' FEES UNDER OREGON LAW

33. Plaintiff restates and incorporates by reference paragraphs 1-14, as though fully set forth herein.

34. Oregon law requires employers to compensate employees for all work performed on behalf of their employer and further requires that all non-exempt employees be compensated at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours per week. *See* ORS 653.261; OAR 839-20-030.

35. Throughout Plaintiff's employment, Defendant violated Oregon law, including ORS 653.261 and OAR 839-20-030, by failing to pay Plaintiff time-and-a-half wages for all work Plaintiff performed in excess of 40-hours per week.

36. Under Oregon law, Plaintiff is entitled to damages in the amount of his unpaid overtime wages from June 10, 2020 through and including the date of his final paycheck in January 2022, with said amount to be determined by a jury at the time of trial.

37. In addition, pursuant to ORS 652.150, because Defendant unlawfully failed to pay

Plaintiff all of his earned wages within one day following the end of Plaintiff's employment, Defendant owes Plaintiff an additional Oregon penalty equal to the amount Plaintiff would have earned had he worked as an employee of Defendant at his regular hourly rate for eight hours per day, for thirty days following the termination of his employment—with said amount to be determined by a jury at the time of trial.

38. Plaintiff requests attorney's fees and costs associated with this claim pursuant to ORS 653.055 and ORS 652.200. Plaintiff presented a written demand for unpaid wages, Oregon penalty wages, and attorneys' fees to Defendant via a letter dated May 4, 2022. Defendant failed to tender any of the money owed to Plaintiff following its receipt of Plaintiff's demand.

### THIRD CLAIM FOR RELIEF
### WAGE DISCUSSION RETALIATION – ORS 659A.355 *et seq.*

39. Plaintiff restates and incorporates by reference paragraphs 1-22, as though fully set forth herein.

40. Plaintiff engaged in protected activity when he discussed his wages, his pay checks, deductions from his paychecks, being paid wages via two paychecks, and not being paid time-and-a-half wages with Ricks on or around January 28, 2022.

41. Ricks and Safe Transportation, Inc. retaliated against Plaintiff because Plaintiff discussed his wages by immediately terminating Plaintiff.

42. In perpetrating the actions described in the above-paragraphs, Defendant violated ORS 659A.355, causing Plaintiff to suffer damages.

43. Plaintiff requests economic damages based on his lost wages and benefits, which continue to accrue, in an amount to be determined by a jury at the time of trial.

44. Plaintiff requests non-economic damages based on emotional distress caused by Defendant's unlawful conduct in the form of compensatory damages to be determined by a jury at the time of trial.

45.     Safe Transportation, Inc. acted towards Plaintiff with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm.  Therefore, Plaintiff seeks an award of punitive damages in an amount to be determined by a jury at the time of trial.

46.     Plaintiff seeks reasonable attorneys' fees and costs for this claim in an amount to be proven at trial pursuant to ORS 659A.885(1) and/or ORS 20.107.

## FOURTH CLAIM FOR RELIEF
## WHISTLEBLOWER RETALIATION – ORS 659A.199

47.     Plaintiff restates and incorporates by reference paragraphs 1-22, as though fully set forth herein.

48.      Plaintiff engaged in protected activity when he complained about conduct that he reasonably believed violated a federal or state law, rule or regulation during his discussion with Ricks on or around January 28, 2022.

49.     Ricks and Safe Transportation, Inc. retaliated against Plaintiff because Plaintiff complained about conduct that Plaintiff reasonably believed violated a federal or state law, rule or regulation by immediately terminating Plaintiff.

50.     In perpetrating the actions described in the above-paragraphs, Defendant violated ORS 659A.199, causing Plaintiff to suffer damages.

51.     Plaintiff requests economic damages based on his lost wages and benefits, which continue to accrue, in an amount to be determined by a jury at the time of trial.

52.     Plaintiff requests non-economic damages based on emotional distress caused by Defendant's unlawful conduct in the form of compensatory damages to be determined by a jury at the time of trial.

53.     Safe Transportation, Inc. acted towards Plaintiff with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm.  Therefore, Plaintiff seeks an award of punitive damages in an amount to be determined by a jury at the time of trial.

54. Plaintiff seeks reasonable attorneys' fees and costs for this claim in an amount to be proven at trial pursuant to ORS 659A.885(1) and/or ORS 20.107.

### III.  JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

### IV.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following judgments and relief according to proof:

1. Economic damages;

2. Non-economic damages;

3. Liquidated damages;

4. Oregon penalty wages;

5. Reasonable costs and attorney's fees per the statutes cited above;

6. For prejudgment and post-judgment interest as appropriate and allowed by law;

7. All such other relief as this Court may deem proper.

DATED this 10th day of June, 2022.

                **ERIC WILSON, P.C.**

                By:   /s/ Eric D. Wilson
                **Eric D. Wilson**, OSB #044556
                ewilson@oregonemploymentlaw.com
                Phone: 503.880.9372
                Facsimile: 503.208.8026
                Attorney for Plaintiff