IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASSON GELLY, | Case No. 3:22-cv-00844-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SAFE TRANSPORTATION, INC., | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Asson Gelly ("Gelly") filed this action against his former employer, Safe Transportation, Inc. ("Safe Transportation"), alleging federal and state wage and retaliation claims. (ECF No. 1.) Now before the Court is Safe Transportation's motion to dismiss Gelly's complaint pursuant to FED. R. CIV. P. 12(b)(6). (Def.'s Mot. Dismiss, ECF No. 5.) The Court has jurisdiction over this matter under 28 U.S.C §§ 1331 and 1367.

Gelly opposes the motion to dismiss on several grounds, including that Safe Transportation's counsel failed to confer prior to filing the motion as Local Rule 7-1 requires. (Pl.'s Resp. at 3, ECF No. 6.) Safe Transportation did not file a reply in support of its motion to dismiss, and Safe Transportation's counsel failed to appear at a status hearing on January 24,

PAGE 1 – OPINION AND ORDER

2023, to discuss additional briefing on pending motions. Thus, Safe Transportation has not responded to Gelly's argument regarding the failure to confer.

Local Rule 7-1(a)(1) requires that the first paragraph of every motion certify that the parties made a good faith effort through personal or telephone conference to resolve the dispute and have been unable to do so. Courts "may deny any motion that fails to meet [the] certification requirement." LR 7-1(a)(3); *see also* [Inhale, Inc. v. Inhale, LLC, 6:19-cv-01780-AA, 2020 WL 6121942, at *4 (D. Or. Oct. 16, 2020)](#) (denying motion for failure to comply with LR 7-1(a)). On the record before the Court, Safe Transportation's motion to dismiss did not include the required certification, and Safe Transportation failed to confer with Gelly before filing the motion, without explanation.[1] Accordingly, the Court denies Safe Transportation's motion to dismiss for failure to comply with Local Rule 7-1(a)(1).

Safe Transportation may refile its motion to dismiss on or before February 3, 2023. If Safe Transportation refiles its motion, it shall address why it has not waived its FED. R. CIV. P. 12(b) defenses by filing an answer. (*See* ECF No. 8; *see also* [FED. R. CIV. P. 12(b)](#).)

## CONCLUSION

For the reasons stated, the Court DENIES Defendant's motion to dismiss ([ECF No. 5](#)) without prejudice. Defendant may refile its motion to dismiss by February 3, 2023.

**IT IS SO ORDERED.**

DATED this 24th day of January, 2023.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] Safe Transportation's counsel also failed to respond to Gelly's counsel's several attempts to confer prior to filing Gelly's motion to dismiss Safe Transportation's counterclaims. (*See* Pl.'s Mot. Dismiss at 1-2, ECF No. 9.)