IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASSON GELLY, | Case No. 3:22-cv-00844-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SAFE TRANSPORTATION, INC., | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Asson Gelly ("Gelly") filed this action against his former employer, Safe Transportation, Inc. ("Safe"), alleging federal and state wage and retaliation claims. (ECF No. 1.) Now before the Court is its order to show cause why the Court should not impose discovery sanctions on Safe's counsel (ECF No. 27), and Gelly's request for discovery sanctions, pursuant to Federal Rule of Civil Procedure ("Rule") 37. (*See* Pl.'s Reply Def.'s Am. Resp. Order Show Cause ("Pl.'s Reply") at 6, ECF No. 33.) For the reasons discussed below, the Court orders Safe's counsel to pay Gelly's reasonable expenses, including attorney's fees, incurred in connection with the discovery issues discussed herein.

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Gelly filed his complaint on June 10, 2022. (ECF No. 1.) Safe filed a motion to dismiss on August 27, 2022, without conferring with Gelly's counsel prior to filing (ECF No. 5), and then filed an answer and counterclaim on September 12, 2022 (ECF No. 8). The Court denied Safe's motion to dismiss Gelly's claims in light of Safe's counsel's failure to confer prior to filing the motion, with leave to refile. (ECF No. 17.) Safe did not refile its motion to dismiss.

Gelly filed a motion to dismiss Safe's counterclaim (ECF No. 9). Gelly's counsel noted in the Local Rule 7-1(a) certification that despite several attempts to contact Safe's counsel by phone and email, Safe's counsel willfully failed to confer on Gelly's motion to dismiss. (*Id.* at 1-2.)

Following a failed settlement conference, the Court scheduled a status conference to discuss the pending motions and a case management schedule. Safe's counsel failed to appear at the status conference. (ECF No. 16.) The Court ordered Safe's counsel to respond to Gelly's motion to dismiss and pending discovery requests by February 3, 2023. (*Id.*) Safe's counsel did not respond to Gelly's motion to dismiss Safe's counterclaim. The Court granted Gelly's motion to dismiss, and dismissed Safe's counterclaim without prejudice. (ECF Nos. 24, 26.)

On May 17, 2023, Gelly moved to compel Safe to produce all documents responsive to Gelly's second request for production of documents and to produce additional documents responsive to Gelly's first request for production, pursuant to the Court's informal discovery dispute resolution procedure. Safe's counsel did not submit a substantive response. On July 10, 2023, Gelly's counsel notified the Court that he had attempted to confer with Safe's counsel several times by both phone and email to schedule a hearing on Gelly's motion to compel or to address the outstanding discovery issues, and Safe's counsel had not responded. The Court

attempted to contact Safe's counsel by both phone and email, and warned counsel by email (both the email address on file with the Court and a different email address on counsel's website) that he must contact Gelly's counsel by 5 p.m. on July 11, 2023, or the Court would consider imposing discovery sanctions. (ECF No. 27.) Safe's counsel did not contact Gelly's counsel by the Court's deadline. (*Id.*) Accordingly, the Court ordered Safe's counsel to show cause in writing by July 27, 2023, why the Court should not impose discovery sanctions. (*Id.*)

On July 26, 2023, Safe's counsel filed a response to the Court's order to show cause. (Resp.'s Show Cause Mem., ECF No. 29.) Counsel represented that Safe had responded to Gelly's first and second requests for production. (*Id.* at 1.) Counsel represented that he did not receive "some" of the Court's emails due to a change in his email address, but it is unclear from the response if he received emails from Gelly's counsel. (*Id.* at 1-2, representing that he "received emails from Mr. [Wilson] at certain times" but attributing discovery delays in June and July 2023 to his email forwarding system.) Counsel represented that Safe had produced "a lot of documents" to Gelly and that there was "discovery outstanding from both sides." (*Id.* at 2.) The next day, Safe's counsel filed an amended response, removing his misrepresentation that Gelly's discovery responses remained outstanding. (ECF No. 31.)

On August 3, 2023, Gelly replied to Safe's amended response, noting that (1) Gelly had satisfied all outstanding discovery obligations, and that Safe's counsel's initial representation to the contrary was "categorically false"; (2) Safe's counsel's representation that there were no longer any outstanding discovery disputes was false; (3) Safe's counsel still had not responded to many attempts to confer regarding Safe's response to Gelly's first request for production of documents nor produced additional documents; and (4) Safe had produced only one document in response to Gelly's second request for production of documents, representing that Safe intended

PAGE 3 – OPINION AND ORDER

to amend its pleading to render some of the document requests irrelevant, but Safe had not (and has not to date) filed an amended pleading. (Pl.'s Reply at 2-3.) Gelly also pointed out that Safe's counsel did not deny receiving Gelly's counsel's emails attempting to confer about outstanding discovery, Gelly's second request for production of documents, nor Gelly's discovery motion. (*Id.* at 3.) Thus, while a changed email and technical issues with email forwarding may have impacted some of the emails Gelly's counsel sent, Safe's counsel does not deny receiving emails Gelly's counsel sent prior to the change in an email address. (*Id.* at 3-4.)

As relevant to discovery sanctions, Gelly's counsel also provided a timeline of Safe's failure to respond to discovery requests, noting that (1) Safe did not respond to Gelly's November 4, 2022 first request for production of documents and interrogatories until the Court ordered Safe to respond by February 3, 2023; (2) Safe's initial written response to Gelly's first set of interrogatories did not include the required signed certification of the person answering the questions; (3) Safe's counsel failed to respond to emails about discovery issues on October 11, 12, and 19, 2022; December 14, 2022; January 2 and 9, 2023; February 10, 21, 24, and 27, 2023; March 11, 21, and 23, 2023; April 2 and 24, 2023; May 25 and 30, 2023; June 2, 6, and 9, 2023; and July 3 and 6, 2023; (4) Safe's counsel failed to respond to phone calls Gelly's counsel's made to his law firm's (only) phone number on October 15 and 19, 2022; February 27, 2023; June 9 and 13, 2023; and July 3, 5, 11, and 12, 2023; and (5) Safe's counsel failed to respond to Gelly's May 17, 2023, motion to compel. (*Id.* at 2, 5.)

Gelly requests that the Court sanction Safe with (1) an order imposing liability in Gelly's favor on his third claim for relief for wage retaliation; (2) an order dismissing Safe's counterclaim with prejudice; or (3) an order awarding Gelly his reasonable attorney's fees

incurred from the time of Gelly's first discovery conferral email through August 3, 2023, or 11.8 hours at an hourly rate of $450, for a total fee award of $5,310. (*Id.* at 6.)

## LEGAL STANDARDS

Rule 37(a)(5)(A) provides that if a court grants a motion to compel discovery, or "if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Rule 37(b)(2) provides that if a party disobeys a discovery order, the court may enter an order "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order[.]" FED. R. CIV. P. 37(b)(2)(A). Rule 37(b)(2)(C) further provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable

PAGE 5 – OPINION AND ORDER

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

## DISCUSSION

Safe's counsel has demonstrated a troubling pattern of dilatory conduct in this litigation by failing to appear, failing to confer, failing to respond to motions, and failing to respond to the Court's and opposing counsel's email and telephone communications. As relevant to Rule 37 sanctions, Safe's counsel (1) responded to Gelly's initial discovery requests only after the Court ordered Safe to respond (ECF No. 16); (2) failed to respond to Gelly's motion to compel; (3) responded to Gelly's subsequent discovery requests only after Gelly moved to compel further responses and the Court issued an order to show cause (ECF No. 27); (4) failed timely to comply with the Court's order to confer with Gelly's counsel on outstanding discovery issues by a date and time certain (*id.*); and (5) as of the close of briefing on the Court's order to show cause, still had not conferred with Gelly's counsel on outstanding discovery requests nor supplemented its discovery production. (*See* Pl.'s Reply at 2-3.) On this record, the Court cannot conclude that Safe's counsel's failures were substantially justified, nor has he identified any circumstances that would make a fee award unjust here.

For these reasons, and pursuant to Rules 37(a)(5)(A), 37(b)(2)(A), and 37(b)(2)(C), the Court concludes that ordering Safe's counsel to pay Gelly's reasonable expenses, including attorney's fees, incurred in connection with his motion to compel and many attempts to confer on outstanding discovery issues, is an appropriate sanction.[1] *See Grimes v. City & Cnty. of San*

---

[1] The Court advises that it will consider Gelly's request for more drastic sanctions if Safe's counsel's dilatory conduct continues. *See Asia Pac. Agr. & Forestry Co. v. Sester Farms*, No. 3:12-cv-00936-PK, 2013 WL 4742934, at *12 (D. Or. Sept. 3, 2013) (dismissing the plaintiff's claims with prejudice for failure to comply with discovery obligations, and noting that "[l]ess drastic sanctions than dismissal are available to the court" but the plaintiff "has been

*Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ("In this case, the City's obstruction of the discovery process caused unnecessary delay and expense, and its willful disobedience of the magistrate [judge]'s orders threatened the court's integrity. The magistrate [judge] had the authority to impose discovery sanctions, and the district court did not err in affirming the magistrate [judge]'s $85,000 sanction of the City."); *Smith v. Ethicon, Inc.*, No. 3:20-cv-00851-AC, 2020 WL 6044548, at *7 (D. Or. Oct. 13, 2000) ("The array of sanction options proposed by Defendants . . . are mostly over-reaching; the appropriate remedy here is the payment of Defendants' attorney fees incurred in filing the instant motion. And the discovery failure here is not attributable to the Plaintiffs but to their attorneys, whose rigid refusal to produce the requested information made necessary Defendants' motion. Accordingly, the court orders Plaintiffs' counsel—not Plaintiffs—to pay the reasonable attorney fees Defendants incurred to bring the instant motion."); see also *Mitchell v. Acumed, LLC*, No. 11-cv-00752 SC (NC), 2012 WL 761705, at *3 (N.D. Cal. Mar. 8, 2012) ("[Counsel] had an obligation to comply with Court Rules, discharge his duties to his client, and to practice with honesty, care and decorum. By waiting . . . to respond to the mounting discovery failures, [counsel] failed his obligations to the Court and his client. Most notably, [the] plaintiff failed to provide any discovery responses until after the Court granted [the defendant's] motion to compel. The Court also finds that there are no circumstances that would make an award of attorneys' fees to [the defendant] unjust. . . . Accordingly, the Court grants [the defendant] reasonable attorneys' fees relating to filing the

---

repeatedly warned that its continued dilatoriness would result in the imposition of harsh sanctions, has twice previously been ordered to comply with its discovery obligations (each such order constituting the imposition of a lesser sanction) without effect on its conduct" and therefore "[the plaintiff] has given the court no grounds to believe that the imposition of any further lesser sanction would be sufficient to deter further dilatory conduct, and the dilatory conduct at issue has been egregious").

PAGE 7 – OPINION AND ORDER

motion to compel, motion to continue trial, and motion for sanctions."); *cf. Flores v. MUFG Union Bank, N.A.*, 642 F. App'x 696, 698 (9th Cir. 2016) ("[The plaintiff] argues that the district court erred in awarding attorney fees despite denying a grant of a motion to compel. Federal Rule of Civil Procedure Rule 37 provides that the court must award attorney fees for a motion to compel '[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed.' Here, [the plaintiff] produced all [responsive] documents in his possession after Defendant had filed a motion to compel. For that reason, the district court correctly awarded attorney fees to Defendant.").

Gelly's counsel represents that he spent 11.8 hours attempting to compel discovery in this case, and seeks an hourly rate of $450 per hour based on the hourly rates of contemporary attorneys in his same practice area. (*See* Decl. Eric D. Wilson ¶ 10, ECF No. 34.) The Court cannot determine based on counsel's declaration if the number of hours or hourly rate are reasonable, and therefore orders Gelly's counsel to submit an amended declaration with information to support the requested hourly rate and attaching his relevant billing records. *See Roush v. Berosini*, 66 F. App'x 725, 726 (9th Cir. 2003) ("[W]e do find that it was error to award fees without permitting the [defendants] and their counsel to review the actual billing statements. Although the magistrate [judge] believed that the affidavit was sufficiently detailed to permit review, it is obvious that it was not[.]") (citation omitted); *see also Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate.") (citations omitted).

///

///

///

PAGE 8 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Gelly's request for Rule 37 sanctions, and ORDERS Safe's counsel to pay the reasonable expenses, including attorney's fees, Gelly incurred in connection with his motion to compel and attempts to confer on the motion to compel and outstanding discovery issues. Safe's counsel shall pay the award personally, and may not pass on the costs to Safe, which bore no responsibility for its counsel's conduct.[2]

Safe's counsel shall contact Gelly's counsel by telephone by November 22, 2023, to confer regarding any outstanding discovery issues. On that call, the parties shall also confer regarding new case management deadlines, and shall notify the Court of proposed deadlines for fact discovery and dispositive motions.

Gelly's counsel shall submit an amended declaration in support of the requested fee award by November 29, 2023. If Safe's counsel objects to the reasonableness of the requested hourly rate or hours, he may file a response by December 13, 2023.

**IT IS SO ORDERED.**

DATED this 15th day of November, 2023.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] See *Operating Eng'r Health & Welfare Tr. Fund for No. Cal. v. Central Valley Constr.*, No. 4:17-cv-02365-KAW, 2019 WL 6700093, at *5 (N.D. Cal. Dec. 9, 2019) ("In light of the foregoing, the Court GRANTS Plaintiffs' motion for sanctions in the amount of $6,240.39. Attorney David C. Johnston shall pay the award personally, and is not permitted to pass on the costs to Defendant, who bore no responsibility for Mr. Johnston's conduct.").